Michael L. Schrag (SBN: 185832)
mls@classlawgroup.com
Andre M. Mura (SBN: 298541)
amm@classlawgroup.com
Steve A. Lopez (SBN: 300540)
sal@classlawgroup.com
**GIBBS LAW GROUP LLP**
One Kaiser Plaza, Ste. 1125
Oakland, CA 94612
Phone: (510) 350-9700
Fax: (510) 350-9701

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KAY and ESTEBAN POLONSKI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YELP INC. and EAT24, LLC,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL BASED ON:**<br><br>1. **BREACH OF CONTRACT**<br>2. **QUANTUM MERUIT/UNJUST ENRICHMENT**<br>3. **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>4. **MONEY HAD AND RECEIVED**<br>5. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br>6. **CONVERSION** |

Plaintiffs Steven Kay and Esteban Polonski, on behalf of themselves and all others similarly situated, allege as follows:

## NATURE OF THE CASE

1. Defendant Yelp Inc. owns Defendant Eat24, LLC, which operates a food ordering website and mobile platform that covers about 20,000 restaurants nationwide. Eat24's online payment system offers customers ordering food for delivery two ways to tip when paying by credit card, Paypal, or Google Wallet: customers may tip delivery persons in cash upon delivery, or they may add a tip to the actual amount due. The latter option offers customers the convenience of an entirely cashless transaction.

2. But when a customer chooses to pay a tip through Eat24's online payment system rather than in person, the delivery person fails to receive *any* tip. Defendants collect but do not distribute tips to drivers. What is more, Defendants conceal from delivery persons the fact that a customer has left them a tip through Eat24's online payment system, even though these tips are the sole property of Eat24's delivery persons.

3. Plaintiffs Steven Kay and Esteban Polonski, who deliver food ordered through Eat24 to customers in San Francisco, bring this class action complaint against Defendants for unlawfully collecting, taking, or receiving tips for the delivery of food and other items without paying these tips to Plaintiffs and other class members. They seek damages, restitution, injunctive and other relief for themselves and similarly situated delivery persons (the "Class").

## PARTIES

4. Plaintiff Steven Kay is a citizen and resident of Oakland, California.

5. Plaintiff Esteban Polonski is a citizen and resident of South San Francisco, California.

6. Defendant Yelp Inc. is a Delaware corporation with its principal place of business in San Francisco, California.

7. Defendant Eat24, LLC is a Delaware corporation with its principal place of business in San Bruno, California.

8. Unless otherwise alleged, at all relevant times, each Defendant was the agent, servant, employee, partner, joint venturer, franchisee, parent, subsidiary, and/or alter ego of the other, and at all times acted within the course and scope of such agency, service, employment, partnership, joint venture, franchise and/or relationship.

9. The acts or omissions of Defendants, as herein described, were performed by officers, managing agents, directors, employees, and/or agents who were responsible for all actions alleged herein and who were acting on behalf of Defendants. Defendants had advance knowledge and notice of the action and conduct of such persons and their actions and conduct were ratified, authorized, and approved by the managing agents, officers, attorneys, employees, agents and/or directors of Defendants.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because: members of the plaintiff class are citizens of different states than Defendants; the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs; and there are more than 100 putative class members.

11. This Court has jurisdiction over Defendants because they maintain their principal headquarters in California, are registered to conduct business in California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the markets within California, through the promotion, sale, marketing and distribution of their products or services in California, to render the exercise of jurisdiction by this Court proper and necessary. Moreover, Defendants' wrongful conduct (as described below) emanates from California.

12. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**INTRADISTRICT ASSIGNMENT**

13. Assignment is proper to the San Francisco division of this District under Civil L.R. 3-2(c)-(d), as a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County

**FACTUAL ALLEGATIONS**

14. Yelp owns and operates a social networking website that allows registered users to rate and review local businesses, and its website allows guests (or unregistered users) to search for and read reviews of local businesses.

15. Yelp also owns and operates Eat24, a food ordering website that allows users to order food for local delivery. Eat24 claims to serve over 20,000 restaurants in more than 1,500 cities throughout the United States. A user may visit Eat24 on its website or mobile platform, find a participating restaurant nearby, and order food from its menu for delivery. Eat24 advertises its service as "100% free." And it promotes itself as not the "typical delivery-or-takeout experience," because food item selection and payment all occur through its website, rather than by telephone.

16. To deliver food, Eat24 has partnered with Sidecar Technologies, Inc. and its subsidiary, Side.cr LLC d/b/a Sidecar ("Sidecar"). Sidecar is a transportation network company operating in 11 cities in the United States. Among other services, Sidecar's drivers deliver food ordered through Eat24.

17. To place an order for food delivery using Eat24, a customer using its website must first select the food items to be delivered and proceed to the checkout screen. When paying with a credit card, PayPal, or Google Wallet, the checkout screen includes a highlighted section labeled "Tip." It allows the customer the option of adding a tip for the driver of 10-25% or another amount through the electronic payment system, or to "Tip With Cash." The screenshot on the following page is an image from the order process at www.eat24hours.com:

3
CLASS ACTION COMPLAINT AND JURY DEMAND



18.     It is customary to tip food delivery service workers.  One Sidecar driver who used to deliver pizzas received a tip on 95% of his pizza deliveries which caused him to wonder why he was not receiving tips for Eat24 deliveries.

19.     Eat24 has acknowledged that tips left in its electronic payment system are for delivery drivers.  For example, in response to a February 2015 "Tweet" by an Eat24 customer asking for whom did Eat24 collect tips, Eat24 responded: "The tip is for the delivery person. We just offer the ability to put it on your card. You can always pay the tip in cash." https://twitter.com/zimblyanil/status/567239388761825283.  An image of the Twitter exchange is below:






4

CLASS ACTION COMPLAINT AND JURY DEMAND

20. This statement was false, however, because drivers do not actually receive the tips that Eat24 collects on their behalf. Eat24 also conceals the fact that a customer has tipped a driver through its website, as the tip total is not included on the delivery invoices that drivers may see when picking up food to deliver. Many drivers have complained online that they have not received tips from Eat24 deliveries, but Eat24 continues to collect tips and not pay them to Plaintiffs and the Class members to whom this money belongs. Defendants' collection and receipt of drivers' tips instead provide Defendants monetary and other benefits.

## PLAINTIFFS' EXPERIENCES

21. Plaintiff Steven Kay has been a Sidecar driver since approximately August 2013. Around May 2015, he began making deliveries, including for Eat24.

22. Plaintiff Kay was initially unaware that Eat24 customers placed tips for him and other delivery drivers when ordering food through the Eat24 program because Eat24 concealed the existence of these tips from him and other drivers.

23. Plaintiff Kay has not received any tips that customers have given to Eat24 on his behalf.

24. Plaintiff Esteban Polonski has been a Sidecar driver since 2014 and began delivering food for Eat24 in approximately February 2015.

25. Plaintiff Polonski received cash tips on a small percentage of his deliveries, but was unaware that Eat24 customers placed tips for him via Eat24's mobile or website platforms because Eat24 concealed the existence of these tips from him and other drivers.

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of themselves and a class of persons initially defined as follows:

> All individuals in the United States who provided food delivery services for food delivery orders placed through Eat24 but did not receive tips legally owed to them.

27. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

28. **Numerosity:** Members of the class are so numerous that their individual joinder is impracticable. Upon information and belief, there are hundreds if not thousands of people in the Class, making joinder of each individual member impracticable. Members of the Class are easily ascertainable through Defendants' records.

29. **Existence and Predominance of Common Questions:** Common questions of law and fact exist as to all class members and predominate over questions affecting only individual class members. These common questions include the following:

   a. Whether Defendants have collected, taken, or received tips for the delivery of food and other items through Eat24's website;

   b. Whether Defendants failed to distribute the proceeds of those tips to class members;

   c. Whether Defendants sought to conceal from class members, in receipts or otherwise, the payment of tips on food delivery orders;

   d. Whether Defendants are third-party beneficiaries of an implied-in-fact contract between Defendants and its customers;

   e. Whether Defendants have been unjustly enriched by retaining tips owed to Plaintiffs, in violation of state common law;

   f. Whether Defendants have tortiously interfered with the Class's prospective economic advantages;

   g. Whether Defendants have received money paid as tips which belong to the Class, and which in equity and good conscience should be paid over to the Class;

   h. Whether Defendants have engaged in unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code sections 17200 *et seq.*, as alleged in this complaint;

   i. Whether California law applies to the proposed Class; and

   j. Whether Plaintiffs and the other class members are entitled to equitable relief, including, but not limited to a preliminary and/or permanent injunction.

30. **Typicality:** Plaintiffs' claims are typical of the claims of the class members because, among other things, Plaintiffs and Class members sustained similar damages as a result of Defendants' uniform wrongful conduct and their legal claims all arise from the same core practice by Defendants of failing to pay Class members tips that rightfully belong to them.

31. **Adequacy of Representation:** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

32. **Superiority:** The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing numerous actions arising from Defendants' conduct, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**(Breach of Contract—third party beneficiary, Cal. Civ. Code § 1559)**

33. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

34. Plaintiffs, and similarly situated delivery persons, are third-party beneficiaries of an implied-in-fact contract between Defendants and their customers, which pay tips through Defendants' website for the benefit of Plaintiffs and Class Members.

35. Customers and Defendants impliedly agreed that Defendants would collect tips paid by their customers through Eat24's website for the benefit of Plaintiffs and Class Members. Defendants indicate through their online payment system that customers may tip delivery persons in cash upon delivery, or they may add a tip to the actual amount due when paying on Eat24's website. A reasonable customer would expect that the option of adding a tip through Eat24's website is an alternative means of tipping drivers.

36. Defendants promote their web-based service as preferable to ordering food by phone because it eliminates the need to make payments over the phone. Eat24 allows customers to pay for tips in advance using credit cards, rather than in cash upon delivery. Moreover, Eat24 has publicly stated that tips it collects through its website are for drivers.

37. No valid express contract between customers and Eat24 requires otherwise.

38. As such, Defendants and their customers intended that Plaintiffs and Class Members would benefit from their agreement to collect tips from customers and pay them to drivers. Defendants breached this agreement causing damage to Plaintiffs and Class Members.

## SECOND CAUSE OF ACTION

### (Quantum Meruit/Unjust Enrichment/Quasi-Contract)

39. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

40. Defendants have been unjustly enriched by wrongfully and unjustly retaining tips owed to Plaintiffs and Class Members, in violation of state common and statutory law.

41. Plaintiffs and the Class are entitled to restitution for their full share of these tips under the common law doctrines of quantum meruit, unjust enrichment and quasi-contract.

## THIRD CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Advantage)

42. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

43. Defendants' failure to remit tips paid through its platform constitutes unlawful tortious interference with a prospective economic advantage. Defendant's conduct disrupts the

economic relationship between customer and delivery workers, thereby depriving delivery workers such as Plaintiffs and the Class of tips.

44. Defendants' failure to remit tips is an independently wrongful act in violation of California Labor Code Section 351, California statutory and common law, including breach of contract and quantum meruit/unjust enrichment, and constitutes a misrepresentation.

## FOURTH CAUSE OF ACTION

### (Money Had And Received)

45. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

46. As a result of Defendants' wrongful conduct, they received tips in certain sums which belong to delivery workers such as Plaintiffs and the Class. Equity and good conscience demand that Defendants pay over any such tips in their possession.

## FIFTH CAUSE OF ACTION

### (For unlawful, unfair, and fraudulent business practices under California Business and Professions Code §§ 17200, *et seq*.)

47. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

48. Defendants' acts and practices, as alleged in this Complaint, violate all three prongs of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

49. Defendants' conduct constitutes an unlawful business practice in that Defendants have breached implied contracts with customers for whom drivers are third-party beneficiaries in violation of Cal. Civ. Code § 1559, have been unjustly enriched, have tortiously interfered with a prospective economic advantage, have converted money belonging to Class Members, and have violated California Labor Code Section 351.

50. Defendants' conduct constitutes a fraudulent business practice for the reasons above and that Defendants concealed the tips from Plaintiffs and Class Members in a manner that is likely to deceive drivers into believing that no tips were left for them.

51. Defendants' practices are also unfair in violation of the UCL in that the harm to Plaintiffs and Class members outweigh any benefits of allowing Defendants to collect drivers' tips without paying tips to them. The practices are also unfair as they violate established California policies described above.

52. As a result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiffs and class members suffered injury-in-fact and lost tips to which they were entitled and which customers expected them to receive.

53. Plaintiffs and Class members are entitled to equitable relief, including restitution or disgorgement of all tips accruing to Defendants because of their unlawful, unfair and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful, unfair, fraudulent and deceitful activity.

## SIXTH CAUSE OF ACTION

### (Conversion)

54. Plaintiffs incorporate by reference and reallege all paragraphs previously alleged herein.

55. Plaintiffs and Class Members are the lawful owners of the tips paid to them by Eat24's customers. As a result of Defendants' wrongful conduct, which includes their collection and receipt of tips paid for Plaintiffs' benefit, Defendants have interfered with and converted Plaintiffs' ownership interest in or right to possess these tips.

56. The tips Defendants have misappropriated are in a specific sum capable of identification.

57. Plaintiffs and Class Members have been damaged by Defendants' conversion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the class, pray for judgment as follows:

    a. For an order certifying the proposed class and appointing Plaintiffs and their counsel to represent the Class;

b. For an order enjoining Defendants from continuing to engage in unlawful business practices as alleged herein;

c. For an order declaring that Defendants' acts and practices constitute a breach of contract, unjust enrichment, tortious interference with a prospective economic advantage, conversion as alleged herein;

d. For an order awarding Plaintiffs and Class members actual, statutory and/or punitive damages to the extent allowable by law;

e. For an order awarding Plaintiffs and Class members restitution, or any other equitable relief the Court deems proper;

f. For an order awarding Plaintiffs and Class members pre-judgment and post-judgment interest;

g. For an order awarding Plaintiffs and Class members reasonable attorneys' fees and costs of suit, including expert witness fees; and

h. For an order awarding such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all claims so triable.

DATED: July 10, 2015                    Respectfully submitted,

**GIBBS LAW GROUP LLP**

By:  /s/ Michael L. Schrag

Andre M. Mura
Steve Lopez
One Kaiser Plaza, Suite 1125
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile: (510) 350-9701
mls@classlawgroup.com
amm@classlawgroup.com
sal@classlawgroup.com